IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACKIE A. SEXSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:08cv518-WHA |
| | ) | |
| | ) | (wo) |
| ALABAMA DEPARTMENT OF | ) | |
| POSTSECONDARY EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This cause is before the court on the Defendant's Motion in Limine (Doc. #52).  The Defendant has moved to exclude comparator evidence, evidence concerning the Plaintiff's parents, and evidence of accusations concerning checks of a professional association.

The Defendant has only moved to exclude comparator evidence on one basis:  that different chancellors supervised the Plaintiff and the comparator she has pointed to as being more favorably treated.  The Defendant states that Dr. Thomas Corts made the decision to terminate the Plaintiff, but when the comparator previously held the same position, Dr. Roy Johnson was the chancellor.

The court first notes that the Eleventh Circuit has rejected a bright line rule that whenever two different supervisors are involved in administering discipline the comparators cannot, as a matter of law, be similarly situated.  *See Anderson v. WBMG-42*, 253 F.3d 561 (11th Cir. 2001). Furthermore, the Plaintiff states that after she was terminated, the comparator, Bob Lockwood, performed the duties of her former position under the direction of Dr. Corts, and continued to teach for schools similar to those for which the Plaintiff taught.  Therefore, the motion in limine

for exclusion of comparator evidence on the basis that different chancellors were involved in decisionmaking is due to be DENIED.  The Defendant has indicated that there are other dissimilarities between the Plaintiff and the comparator, but that issue is not presently before the court.  Whether the two were similarly situated may be raised at trial, however, on a motion for judgment as a matter of law, to be determined based on all of the evidence.

The Defendant also seeks to exclude evidence that the Plaintiff's mother has Alzheimer's disease and her father has to have a sitter.  The Defendant states that their health conditions are irrelevant, and may cause the jury to act on sympathy in violation of Federal Rules of Evidence 401 and 403.  The Plaintiff responds that she should be allowed to present this evidence to "demonstrate the conditions that Plaintiff has had to work within while contending with this lawsuit."  Doc. 62 at page 3.  The court cannot conclude that conditions during litigation, initiated by the Plaintiff, have any bearing on the claims in this case.  The Motion in Limine is, therefore, due to be GRANTED as to evidence regarding the Plaintiff's parents' health.

The Defendant also seeks to exclude evidence that Joan Davis told officers of a professional association that the Plaintiff had taken checks from the association.  The Defendant states that this evidence is relevant only to the defamation action which was dismissed by the Plaintiff and not the remaining claims.   The Plaintiff responds that the evidence regarding checks accusations is relevant as evidence of retaliation taken against the Plaintiff.

The original Complaint seems to indicate the accusation regarding checks was made after the Plaintiff had been terminated.  *See* Complaint at ¶ 42.  There is not a separate claim of retaliation based on these facts in the Pre-Trial Order.  *See* Doc. #44.  This evidence, therefore, is not relevant, and even if there is any probative value, it is substantially outweighed by the

danger of confusion of the issues and misleading the jury. *See* Fed. R. Evid. 403. The motion in limine is, therefore, due to be GRANTED as to this evidence.

Accordingly, it is hereby ORDERED that the Motion in Limine is DENIED as to comparator evidence and is GRANTED as to evidence regarding the health of the Plaintiff's parents and alleged retaliation in the form of accusations about a professional association's checks.

Done this 5th day of August, 2009.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE